NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1561
_____

UNITED STATES OF AMERICA

v.

STEIN SCRUGGS,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 2-12-cr-00295-003)
District Judge: Honorable Gene E.K. Pratter
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 19, 2015
_____

Before: FUENTES, GREENAWAY, JR., and SLOVITER, *Circuit Judges*.

(Opinion Filed: July 15, 2015 )

_____

OPINION*
_____

_____

  * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Stein Scruggs ("Scruggs") appeals the judgment of conviction imposed by the

United States District Court for the Eastern District of Pennsylvania.  His counsel filed a

brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that no

nonfrivolous issues exist for appeal and seeking to withdraw as counsel.  For the reasons

below, we will grant counsel's motion to withdraw and affirm the District Court's

judgment of conviction.

## I.  Background

Scruggs worked at a McDonald's restaurant in Philadelphia, Pennsylvania.  He

recruited two childhood friends, Tyjuan Waters ("Waters") and Nathaniel Coleman

("Coleman"), to stage an armed robbery of the restaurant.  On February 12, 2012, the

three confederates arrived just before the McDonald's closed.  Scruggs waited until the

parking lot was clear then instructed Waters and Coleman to "go." (Supp. App. 366.)

Wearing masks to conceal their identities and armed with a shotgun, they grabbed the

store manager who was just outside of the door smoking and forced her back into the

restaurant.  Once inside, they ordered the store manager and two other employees to the

back of the McDonald's.  Waters and Coleman forced the store manager to open the

McDonald's office safe.  They retrieved approximately $2,171 from the safe.

Waters and Coleman fled to the getaway car.  Scruggs drove the car.  Meanwhile,

the McDonald's employees notified the police.  Philadelphia police officers noticed a

2

dark vehicle with occupants matching the clothing description of the robbers traveling away from the crime scene. The officers observed Scruggs, who appeared nervous, driving the dark vehicle. When the police officers attempted to stop the car, Scruggs sped away. With police chasing, he disregarded stop signals, jumped a curb, and eventually crashed into another vehicle head-on. Scruggs, Waters, and Colemen fled the crash scene, but they were all quickly apprehended.

As a consequence of the crash, the shotgun, employee cell phones, and stolen money were recovered in plain view from the getaway vehicle.

After his arrest, Scruggs indicated that he wanted to make a statement to the police detectives. After the detectives informed Scruggs of his *Miranda* rights, which he waived both orally and in writing, he gave an oral statement to detectives describing his role in the robbery. In addition, he signed a written confession. No issue of coercion or undue influence arose or is presently posited.

A federal grand jury returned a three-count superseding indictment charging Scruggs with conspiracy to commit robbery; robbery; and using, carrying, and brandishing a firearm during, and in relation to, a crime of violence. Prior to trial, the District Court denied Scruggs's motions to suppress the physical evidence seized from the getaway car and the statement he gave while in police custody. At trial, Scruggs was convicted on all three counts.

The District Court imposed a sentence of 121 months of imprisonment on the first

3

two counts, and a consecutive term of 84 months of imprisonment on the third count.

Defense counsel filed a brief pursuant to *Anders v. California* and moved to withdraw as counsel. Scruggs submitted a *pro se* brief claiming that the District Court applied the wrong law and "applied the wrong sentencing enhancements." (Pro Se Br. at 5-6.)

## II. Jurisdiction

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## III. Standard of Review

"In *Anders v. California*, [ ] the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal." *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000) (citation omitted). The attorney must always "support his client's appeal to the best of his ability." *Anders*, 386 U.S. at 744. If, however, "counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.*

To withdraw, counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." *Marvin*, 211 F.3d at 780. Hence, this Court's inquiry when considering a

4

counsel's *Anders* brief is twofold: "(1) whether counsel adequately fulfilled the [Third Circuit Local Appellate Rule 109.2's] requirements; and, (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). If an appeal is judged to be wholly frivolous, this Court "will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* (quoting 3d Cir. L.A.R. Rule 109.2(a) (internal quotation marks omitted)).

## IV. Analysis

In order to satisfy the adequacy requirements of an *Anders* brief, counsel seeking to withdraw must demonstrate "sufficient indicia" that he or she has "explored all possible issues for appeal." *Marvin*, 211 F.3d at 781. Except in cases where "frivolousness is patent," counsel must "[explain] the faults in the [defendant's] arguments" and "adequately attempt[] to uncover the best arguments for his or her client." *Id.*

Counsel identified four potential issues in his brief: (1) whether there was reasonable suspicion to perform a vehicle stop of the getaway car; (2) whether Scrugg's confession was coerced; (3) whether there was sufficient evidence supporting the jury's verdict against Scruggs; and (4) whether the District Court's sentence was procedurally and substantively reasonable. In addition, Scruggs submitted a *pro se* brief arguing that the District Court "applied the wrong sentencing enhancements." (Pro Se Br. at 6.) We are satisfied that counsel's *Anders* brief is adequate. Our examination of the record

relating to the issues raised by counsel and by Scruggs reveals no nonfrivolous arguments.

Before trial, Scruggs sought to suppress the evidence recovered from the crashed getaway car. The police had reasonable suspicion to attempt to stop the getaway car. *See United States v. Goodrich*, 450 F.3d 552, 558-60 (3d Cir. 2006). The getaway car was the only car seen driving in the direction away from the McDonald's late that night. The police officers observed the car driving erratically, including suspiciously slowing down at green lights. Scruggs, the driver, appeared visibly nervous. The dark clothing of the car's occupants matched the description given by the robbery victims. Accordingly, the threshold requirement for reasonable suspicion to stop the car was met, and this issue presents no nonfrivolous basis for appeal.[1]

In addition, Scruggs sought to suppress the oral and written confessions he made to police. Under *Miranda v. Arizona*, 384 U.S. 436 (1966), a suspect subject to police interrogation may waive his right to silence only after he has provided a waiver "voluntarily, knowingly and intelligently." *Id.* at 444. In this case, Scruggs's confession followed an adequate *Miranda* warning and waiver. Scruggs initiated the interview with police detectives. His admissions were preceded by both oral and written warnings and waivers. There were no indicia of intimidation or coercion. As such, Scruggs's confession was properly admitted at trial, and offers no nonfrivolous basis for appeal.

6

The jury verdict was supported by overwhelming evidence presented at trial. Multiple robbery victims identified Scruggs as a former employee with intimate knowledge of the layout and inner workings of this particular McDonald's. Police officers testified that Scruggs, along with Waters and Coleman, were arrested after the getaway car crashed into a civilian vehicle. Stolen money in a duffle bag and the shotgun used in the robbery were recovered in their possession. Beyond that, Coleman testified and explained Scruggs's leadership role in the planning and executing of the robbery. Coleman also confirmed that Scruggs was the driver of the getaway car.

This Court reviews District Court sentencing for procedural and substantive reasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). "The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries." *Id.*

In order to be procedurally reasonable, a sentencing court must follow a three-step process. *United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011). The court begins by correctly determining the applicable Guidelines range. Second, the court determines whether to adjust the Guidelines range based upon motions for departure. Third, the court considers the factors set forth in 18 U.S.C. § 3553(a). The District Court properly followed this three-step process.

In assessing the substantive reasonableness of a procedurally sound sentence, this

---

[1] Further, the exigency of the fire following the car crash authorized the seizure of

7

Court has stated that it will "affirm [the District Court] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the [D]istrict [C]ourt provided." *Tomko*, 562 F.3d at 568. This substantive review is based on the "totality of the circumstances" according to an abuse-of-discretion standard. *Id.* at 567. Scruggs's sentence was substantively reasonable. Scruggs did not object to the Guidelines calculation and the sentence falls within the Guidelines range. The District Court gave extensive consideration to the relevant § 3553(a) factors and provided Scruggs with an opportunity to be heard.

Finally, the sentence enhancements imposed by the District Court on Scruggs were proper. This Court reviews a district court's ruling on a sentence enhancement that requires a predominantly factual inquiry for clear error. *See United States v. Richards*, 674 F.3d 215, 221-22 (3d Cir. 2012). At sentencing, Scruggs received three sentence enhancements. First, a four-point enhancement was imposed for abduction, pursuant to U.S.S.G. § 2B.3.1(b)(4)(A). Second, a two-point enhancement was added for Scruggs's leadership role, pursuant to U.S.S.G. § 3B1.1(c). Third, a two-point enhancement was given for reckless endangerment during flight, pursuant to U.S.S.G. § 3C1.2.

The sentencing enhancement for abduction was properly imposed. The enhancement is appropriate when victims are forced to accompany the offender to a new location in furtherance of the offender's crime or escape. *United States v. Reynos*, 680

---

the items from the car. *See Missouri v. McNeely*, 133 S.Ct. 1552, 1558-59 (2013).

F.3d 283, 286 (3d Cir. 2012).  The enhancement has been specifically upheld for the robbery of a restaurant where employees were forced by "gunpoint" to move into the "cash register area." *Id.* (internal quotation marks omitted).  In this case, the robbers forced the store manager at gunpoint to move from outside the McDonald's to the back of the restaurant in order to obtain access to the office safe.

The sentencing enhancement for leadership was also properly imposed.  In distinguishing between a "leader" and a mere manager, this Court has observed that an "organizer" or "leader" must have "exercised some degree of control over others involved in the commission of the offense." *United States v. Helbling*, 209 F.3d 226, 243 (3d Cir. 2000) (internal quotation marks and citations omitted).  Scruggs provided leadership to his co-conspirators in many ways.  He recruited them for his robbery scheme.  He informed them about the inner workings of the McDonald's as well as the location of the office safe.  He gave Waters and Coleman the signal to begin the robbery, and he drove the getaway car.

Finally, the sentencing enhancement for reckless endangerment during flight was properly imposed.  The enhancement is warranted when a "defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2.  Scruggs's flight from the police supports application of the enhancement since Scruggs disregarded stop signs, and ultimately crashed head-on into an oncoming vehicle.

9

## V. Conclusion

We find that no nonfrivolous issues exist for consideration on appeal. We will grant counsel's request to withdraw, pursuant to *Anders*, and will affirm the District Court's judgment of conviction. Counsel is relieved of any obligation to file a petition for a writ of certiorari in the Supreme Court of the United States. 3d Cir. L.A.R. 109.2(b).